UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dardisi Alexander, | Case No. 19-cv-1091-JRT-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| R. Marques, Warden, | |
| Respondent. | |

On April 23, 2019, Dardisi Alexander filed a petition for a writ of habeas corpus arguing that the Bureau of Prisons was improperly refusing to apply credit for "good time" as required by the First Step Act. Pet., ECF No. 1. In response to the petition, the government stated that the relevant provision of the First Step Act did not become effective until July 19, 2019. ECF No. 10. On August 23, 2019, the government filed a supplemental response arguing that Mr. Alexander's petition is now moot because the BOP recalculated his good conduct time pursuant to the First Step Act. This recalculation has made Mr. Alexander's projected release date September 25, 2020, instead of November 15, 2020. Suppl. Resp. at 1–2, ECF No. 13.

In light of the recalculation of Mr. Alexander's good conduct time, the Court concludes that the petition is moot. *See Newton v. Barnes*, No. 19-cv-1037

1

(ECT/ECW), 2019 WL 2743712, at *1 (D. Minn. July 1, 2019) ("When … the issues presented in a case lose their life because of the passage of time or a change in circumstances … and a federal court can no longer grant effective relief, the case is considered moot.") (quotation marks omitted).[1] Here, Mr. Alexander challenged the alleged failure of the BOP to comply with the First Step Act's requirement to recalculate his good conduct time and to do so prior to the effective date of the statute. The BOP has now recalculated his good conduct time, resulting in an earlier projected release date, so the Court can no longer grant effective relief.

Accordingly, **IT IS HEREBY RECOMMENDED THAT** Mr. Alexander's Petition for a Writ of Habeas Corpus **[ECF No. 1]** be **DENIED AS MOOT** and this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Date: September 12, 2019         *s/Katherine Menendez*
                                 Katherine Menendez
                                 United States Magistrate Judge

---

[1] None of the four exceptions to the mootness doctrine apply under the circumstances of this case. *Newton*, 2019 WL 2743712, at *1–2.